IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Andy Reeves, | ) | C/A No. 4:12-3524-JFA-TER |
|                 Plaintiff, | ) | |
| v. | ) | ORDER |
| Carolyn W. Colvin, Commissioner of Social Security, | ) | |
|                 Defendant. | ) | |

The plaintiff, Andy Reeves, brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401–433, 1381–1383c.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he opines that the court cannot conduct a proper review of the Commissioner's decision based on the record presented. The Magistrate Judge recommends that the Commissioner's decision should be reversed and remanded for further administrative action. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to submit objections to the Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Recommendation which was filed on January 27, 2014. The Commissioner has filed timely objections to the Report which the court will address herein. It thus appears this matter is ripe for review.

## Procedural History

The plaintiff applied for DIB on August 5, 2009 alleging disability as of July 1, 2008 due to degenerative disc disease, and affective, anxiety, and somatiform disorders. The plaintiff was 44 years old at the time of his alleged disability. He has a ninth grade education and past work experience as a dye machine operator and a warehouse worker.

The plaintiff's applications were denied initially and on reconsideration. The Administrative Law Judge (ALJ) held a hearing and issued an unfavorable decision on October 18, 2011. The Appeals Council denied a request for review, thereby making the ALJ's decision final for purposes of judicial review. Plaintiff thereafter filed this action on December 14, 2012 seeking judicial review of the Commissioner's final decision.

The Report and Recommendation sets forth the proper standard of review by this court which is limited to determining whether the decision of the Commissioner is supported by substantial evidence and whether the legal conclusions of the Commissioner are correct under controlling law.

The issue before the court at this point is whether the ALJ conducted a proper analysis of the treating and consulting physicians' opinions. The Magistrate Judge notes that the ALJ gave the greatest weight to the opinion of the non-treating, non-evaluating state agency psychologist, while discounting the opinions of the plaintiff's treating physician and the

consulting psychologist. The Magistrate Judge suggests that the ALJ does not clearly identify the other evidence with which the treating physician's opinion is inconsistent. Thus, the Magistrate Judge suggests that a remand is necessary so that the ALJ can properly evaluate the opinions of the physicians under the regulatory standards set forth in § 404.1527(c). Specifically, that the ALJ must evaluate the opinions under § 1527(c) and articulate good reasons for rejecting the treating and consulting physicians' opinions. The Magistrate Judge did not address the remaining issues raised by the plaintiff pending a further evaluation by the ALJ.

The Commissioner objects to the Magistrate Judge's findings, suggesting that the court should address the evidence on which the ALJ actually based his evaluation of the opinion evidence before determining that substantial evidence does not support it. On the contrary, the Magistrate Judge does not attempt to reweigh the evidence; he merely seeks to clarify what specific reasons the ALJ had for making his finding as the ALJ failed to properly articulate such reasons as is required under the § 1527(c) standards. Once this issue is clarified on remand, the court will be in a position to conduct a proper review of the Commissioner's decision and determine if substantial evidence supports that decision.

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the Commissioner's objections thereto, this court finds that further administrative action is warranted before this court can determine in the ALJ's decision was supported by substantial evidence and that the ALJ did not incorrectly apply the law in his decision. The court adopts the Magistrate

3

Judge's Report and Recommendation in full.

Accordingly, the Commissioner's decision is hereby reversed and remanded to the Commissioner for further action as set out in this order and the Report and Recommendation.

IT IS SO ORDERED.

February 21, 2014　　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　　　United States District Judge

4