IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andy Reeves, ) | C/A No. 4:12-3524-JFA |
| ) | |
| Plaintiff, ) | |
| ) | ORDER ON MOTION |
| v. ) | FOR ATTORNEY FEES |
| ) | |
| Carolyn W. Colvin, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

On February 21, 2014, this court reversed the Commissioner's final decision and remanded the case to the Commissioner for further administrative proceedings.[1] Counsel for the plaintiff, Paul McChesney, has now moved for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). He suggests that because the plaintiff is the prevailing party in this action for social security benefits and that because the position of the Commissioner was not substantially justified, attorney fees are appropriate under EAJA. Counsel seeks an award of fees in the amount of $5,754.85.[2]

The Commissioner has filed a memorandum opposing the fee petition suggesting that the government's position in this case was substantially justified. The Commissioner takes

---

[1] The Magistrate Judge to whom this case was referred, issued a Report and Recommendation suggesting that the case should be remanded to the Commissioner. Objections were timely filed and this court, after carefully considering all of the submitted briefs, agreed with the Magistrate Judge that remand was appropriate.

[2] Plaintiff seeks 16.5 hours of attorney work by Paul McChesney at the rate of $181.25 per hour ($2,990.63), and 30.5 hours of paralegal time at the rate of $90.63 per hour ($2,764.22).

1

a fallback position that if the court does award fees, the award should be reduced as the fees are excessive.

Under the EAJA, a court shall award reasonable attorney's fees to a prevailing party[3] in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A) (2010). The government has the burden of proving that its position was substantially justified. *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). "The government's position must be substantially justified in both fact and law." *Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir. 1992). "The Government's position is substantially justified if it is 'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" *Cody v. Caterisano*, 631 F.3d 136, 141 (4th Cir. 2011) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

The government need not "win to prove its position substantially justified; 'it can be substantially justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" *Cody*, 631 F.3d at 141 (quoting *Pierce*, 487 U.S. at 566 n. 2). "The government's position 'encompass[es] both the agency's prelitigation conduct and the Department of Justice's subsequent litigation position[ ].'" *Crawford*, 935 F.2d at 656–57 (quoting *I.N.S. v. Jean*, 496 U.S. 154, 159 (1990)); see also 28 U.S.C. §

---

[3] A party who wins remand pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g) is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 300–302 (1993). Counsel also attests the plaintiff is an individual whose net worth did not exceed $2 million at the time the action was filed.

2

2412(d)(2)(D).

When determining whether the Commissioner's position was substantially justified, the court should avoid an issue-by-issue analysis and should consider the totality of the circumstances. *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 138–39 (4th Cir. 1993).

The district court has substantial discretion in fixing the amount of an EAJA award, but must ensure that the final award is reasonable. *Hyatt v. Barnhart*, 315 F.3d 239 (4th Cir. 2002). A request for attorney fees should not result in a second major litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

This court carefully considered the Report and Recommendation and the Commissioner's objections to the Report, ultimately agreeing with the Magistrate Judge and remanding this action to the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g) for further administrative action.

After carefully reviewing the entire record in this case, including this court's order remanding the action for further proceedings, the court concludes that the Commissioner has not met its burden of showing that its position was substantially justified in this case. This court determined that the ALJ improperly rejected the opinions of Reeves's treating physicians and the examining physician, both of which contained work-preclusive limitations. This court thus determined that the ALJ had disregarded well established precedent in this Circuit regarding the weight to be afforded to such medical providers.

3

In attempting to support the ALJ's decision, the Commissioner repeated the findings of the ALJ and provided post hoc rationalizations in an attempt to provide a basis for the ALJ's rejection of the opinions.

The Commissioner also objects to the amount of attorney fees requested contending that the fees are excessive. The court has conducted the necessary review and finds that the hours expended and the hourly rate sought for both the attorneys and the paralegal overlap somewhat.  For example, the paralegal spent 8.0 hours reviewing and responding to the Commissioner's brief, while counsel spent 7.0 hours researching for, editing and drafting the same.  This court has determined that the paralegal hours should be reduced on this task from 8 to 4 hours.  In addition, in his reply to the government's motion, counsel for the plaintiff agrees to reduce the paralegal hours by .50 for the time she spent drafting the complaint, summons and civil cover sheet.   Accordingly, the total amount of time requested by the paralegal shall be reduced from 30.5 to 26 hours at the rate of $90.63 per hour for a new total of $2,356.38.

The plaintiff is hereby awarded fees in the amount of $5,347.01, representing 16.5 hours of attorney work at the rate of $181.25 an hour ($2,990.63) and 26 hours of paralegal work at the rate of $90.63 an hour ($2,356.38).

The court agrees with the Commissioner that payment should be made to the plaintiff and not to plaintiff's counsel.[4]

---

[4] The fees must be paid to plaintiff.  *See Astrue v. Ratliff*, 130 S. Ct. 2521 (2010) (holding that the plain text of the EAJA requires that attorney's fees be awarded to the litigant, thus subjecting EAJA fees to offset of any
(continued...)

4

For all the foregoing reasons, the court grants the plaintiff's motion in part (ECF No. 31) and awards EAJA attorney fees to the plaintiff in the amount of $5,347.01.

The plaintiff shall have 60 days after being served with a Notice of the Past Due Benefits to file for fees under 42 U.S.C. § 406(b).  If plaintiff demonstrates entitlement to a fee under this provision, the attorney will be required to refund to the plaintiff the amount of the smaller of the two fees.

IT IS SO ORDERED.

November 4, 2014                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                       United States District Judge

---

⁴(...continued)
pre-existing federal debts); *see also Stephens v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009) (same).